**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

KYM LAURA CANO,

Petitioner,

vs.

KIMBERLY HUGHES, Warden,

Respondent.

Civil No. 13-cv-2335 H (WVG)

**ORDER:**

**(1) GRANTING RESPONDENT'S MOTION TO DISMISS**

**[Doc. No. 33]**

**(2) ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**[Doc. No. 35]**

On September 26, 2013, Kym Laura Cano ("Petitioner"), a prisoner currently incarcerated and proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. No. 1.) On August 18, 2014, Petitioner, through counsel, filed a second amended petition for writ of habeas corpus. (Doc. No. 25.) On January 26, 2015, Respondent filed a motion to dismiss the second amended petition. (Doc. No. 33.) Petitioner's deadline to respond to the motion to dismiss was February 24, 2015. (Doc. No. 32.) Petitioner has not filed a response to the motion to dismiss.

On April 2, 2015, the magistrate judge issued a report and recommendation ("report") to grant the motion to dismiss and dismiss the petition without prejudice. (Doc.

No. 35.) The report ordered the parties to file objections by April 27, 2015. (Id. at 4.) To date, neither party has filed an objection to the report.

**Background**

Petitioner was found guilty of second degree murder of her husband by a jury in state court. (Lodg. No. 1 at 1.) Petitioner appealed, and the California Court of Appeal affirmed her conviction. (Id. at 40.) Petitioner then appealed to the California Supreme Court for review of particular jury instructions given at trial regarding whether a killing committed without malice during the course of an inherently dangerous felony constitutes voluntary manslaughter. (Lodg. No. 2 at 2.) The California Supreme Court denied review of that issue without prejudice pending resolution of a related case. (Lodg. No. 3.) Petitioner did not seek further review in the California Supreme Court.

On September 26, 2013, Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. No. 1.) On November 13, 2013, the Court dismissed the petition without prejudice. (Doc. No. 5.) The Court informed Petitioner that she must raise her federal claims in state court before raising them in federal court. (Id. at 3.) On January 16, 2014, Petitioner filed a first amended petition. (Doc. No. 6.) On March 10, 2014, the Court dismissed the case without prejudice. (Doc. No. 11.) The Court again informed Petitioner of her obligation to exhaust her claims in state court before filing a federal habeas petition. (Id. at 3-4.) On June 9, 2014, Petitioner retained counsel to assist with preparing her second amended petition for writ of habeas corpus. (Doc. No. 20-1 at 1.) On August 18, 2014, Petitioner, through counsel, filed a second amended petition. (Doc. No. 25.)

On January 26, 2015, Respondent filed a motion to dismiss the second amended petition. (Doc. No. 33.) Petitioner has not responded to the motion; her response was due February 24, 2015. (See Doc. No. 32.) On April 2, 2015, the magistrate judge issued a report and recommendation to grant the motion and dismiss the petition. (Doc. No. 35.) Petitioner has not objected to the report.

/ / /

## Discussion

## I. Legal Standards

### A. Standard of Review Under 28 U.S.C. § 2254

A federal court may review a petition for writ of habeas corpus by a person in custody pursuant to a state court judgment "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); accord Williams v. Taylor, 529 U.S. 362, 375 n.7 (2000). Habeas corpus is an "extraordinary remedy" available only to those "persons whom society has grievously wronged . . . ." Juan H. v. Allen, 408 F.3d 1262, 1270 (9th Cir. 2005) (quoting Brecht v. Abrahamson, 507 U.S. 619, 633-34 (1993)). Because Petitioner filed this petition after April 24, 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") governs the petition. See Lindh v. Murphy, 521 U.S. 320, 327 (1997); Chein v. Shumsky, 373 F.3d 978, 983 (9th Cir. 2004) (en banc). "When a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." Id. Federal habeas relief is available only if the result reached by the state court on the merits is "contrary to," or "an unreasonable application" of Supreme Court precedent, or if the adjudication is "an unreasonable determination" based on the facts and evidence. 28 U.S.C. §§ 2254(d)(1)-(d)(2).

A federal court may grant habeas relief only if a state court either "applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases" or "confronts a set of facts that are materially indistinguishable from a decision of [the] Court and nevertheless arrives at a result different from [the Court's] precedent." Early v. Packer, 537 U.S. 3, 8 (2002); see also Williams, 529 U.S. at 405-06 (distinguishing the "contrary to" and the "unreasonable application" standards). "[R]eview under 28 U.S.C. § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." Cullen v. Pinholster, 131 S. Ct. 1388, 1398 (2011). "Although the Supreme Court has declined to decide whether a district court 'may ever choose to hold an

evidentiary hearing before it determines that § 2254(d) has been satisfied,' an evidentiary hearing is pointless once the district court has determined that § 2254(d) precludes habeas relief." Sully v. Ayers, 725 F.3d 1057, 1075 (9th Cir. 2013) (citing Pinholster, 131 S. Ct. at 1411 n. 20).

A federal court may grant habeas relief under the "unreasonable application" clause of § 2254(d)(1) if the state court "identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case." Williams, 529 U.S. at 407. A federal court may also grant habeas relief "if the state court either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." Id. The state court's "unreasonable application" of binding precedent must be objectively unreasonable to the extent that the state court decision is more than merely incorrect or erroneous. Wiggins v. Smith, 539 U.S. 510, 520-21 (2003) (citation omitted); see also Lockyer v. Andrade, 538 U.S. 63, 75-76 (2003). Additionally, even if a state court decision is "contrary to" Supreme Court precedent or rests on an "unreasonable determination" of facts in light of the evidence, the petitioner must show that such error caused substantial or injurious prejudice. Penry v. Johnson, 532 U.S. 782, 795 (2001) (quoting Brecht, 507 U.S. at 637-38); see also Fry v. Pliler, 551 U.S. 112, 121-22 (2007); Bains v. Cambra, 204 F.3d 964, 977 (9th Cir. 2000). AEDPA creates a highly deferential standard toward state court rulings. Woodford v. Viscotti, 537 U.S. 19, 24 (2002).

In determining whether a state court decision is contrary to clearly established federal law, the court looks to the state's last reasoned decision. Avila v. Galaza, 297 F.3d 911, 918 (9th Cir. 2002). Where there is an unexplained decision from the state's highest court, the court "looks through" to the last reasoned state judgment and presumes that the unexplained opinion rests upon the same ground. Ylst v. Nunnemaker, 501 U.S. 797, 891-06 (1991).

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party objects to any portion of the report, the district court "shall make a de novo determination of those portions of the report . . . to which objection is made." Id.

**B. Exhaustion of State Court Remedies**

Further, habeas petitioners who wish to challenge either their state court conviction or the length of their confinement in state prison, must first exhaust state judicial remedies. 28 U.S.C. § 2254(b), (c); Granberry v. Greer, 481 U.S. 129, 133-34 (1987). To exhaust state judicial remedies, a California state prisoner must present the California Supreme Court with a fair opportunity to rule on the merits of every issue raised in his or her federal habeas petition. 28 U.S.C. § 2254(b), (c); Granberry, 481 U.S. at 133-34. Moreover, to properly exhaust state court remedies a petitioner must allege, in state court, how one or more of his or her federal rights have been violated. The Supreme Court in Duncan v. Henry, 513 U.S. 364 (1995), reasoned: "If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution." Id. at 365-66. For example, "[i]f a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him [or her] the due process of law guaranteed by the Fourteenth Amendment, he [or she] must say so, not only in federal court, but in state court." Id. at 366.

A district court typically must dismiss a petition for writ of habeas corpus if it contains both exhausted and unexhausted claims. Rose v. Lundy, 455 U.S. 509, 522 (1982). A district court may stay a mixed federal habeas petition in limited cases where the "petitioner had good cause for [her] failure to exhaust, [her] unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." Rhines v. Winter, 544 U.S. 269, 278 (2005).

/ / /

/ / /

## II. Analysis

Petitioner was convicted by a jury in state court of second degree murder and related firearm violations. (Lodg. No. 1 at 1.) In her second amended habeas petition, Petitioner claims her counsel was ineffective for failing to present evidence of intimate partner battery to negate her intent to commit murder. (Doc. No. 25 at 50-51.) State prisoners challenging their conviction based on constitutional violations, such as ineffective assistance of counsel, must first raise their claims in state court. Granberry, 481 U.S. at 133-34. Petitioner affirmatively represents that she has not exhausted her ineffective assistance claim in state court. In her second amended petition, Petitioner states, through counsel, that her ineffective assistance claim is "unexhausted." (Doc. No. 25 at 3.) Petitioner further states that that "[n]o petitions, applications or motions with respect to the judgment in question have been filed in the California Superior Court, California Court of Appeal, or California Supreme Court." (Id. at 6.) Because Petitioner did not exhaust her ineffective assistance claim in state court, the Court dismisses the second amended petition. If Petitioner presented her ineffective assistance claim to the state court between August 18, 2014 and the date of this order, Petitioner should file a motion for reconsideration of this order alleging that she has exhausted her state court remedies.

In light of the foregoing, the Court declines to consider whether the claims raised in Petitioner's second amended petition relate back to her original petition for purposes of the statute of limitations.[1]

/ / /

---

[1] Petitioner also claims she suffered a violation of due process based on instructional error at trial. (Doc. No. 25 at 34-49.) Petitioner alleges that she raised her challenge to the allegedly errant jury instructions on direct appeal. (Id. at 5.) The California Court of Appeal affirmed Petitioner's conviction. (Lodg. No. 1 at 40.) The California Supreme Court denied review of the petition. (Lodg. No. 3.)

Because Petitioner did not exhaust her claim for ineffective assistance, the Court dismisses the petition in its entirety as a mixed petition. Rose, 455 U.S. at 522. Moreover, Petitioner has not shown that her case presents the "limited circumstances" in which a stay and abeyance is appropriate. Rhines, 544 U.S. at 277.

## Conclusion

For the foregoing reasons, the Court adopts the magistrates judge's report and recommendation, grants Respondent's motion to dismiss the petition for writ of habeas corpus, and dismisses the petition without prejudice.[2] Additionally, the Court declines to issue a certificate of appealability. 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

DATED: May 18, 2015

Marilyn L. Huff, District Judge
UNITED STATES DISTRICT COURT

---

[2] The Court rejects the notion that Petitioner's failure to file an opposition to the motion to dismiss constitutes consent to granting the motion to dismiss. The Court's order is not based on Petitioner's failure to respond to the motion to dismiss.